Harry Gr. Herman, S.
The trustee has instituted this independent proceeding for a construction requesting that this court determine that a stock distribution of 10,143 shares of the common stock of R. J. Reynolds Tobacco Company made in September, 1961 represents a stock dividend payable wholly to income.
The decedent, an attorney, died on June 19, 1929, and by Paragraph “ ninth ” of his will, dated February 13, 1924, provided as follows: ‘1 Any dividends, whether in stock or in money, that may hereafter be declared and paid upon any shares constituting a part of my estate or of any trust established hereunder, shall be treated and considered as income, without regard to the time when such dividend ivas earned.” (Emphasis added.)
In July, 1961, the trustee held 10,143 shares of such stock with a par value of $5 per share of which 4,086 shares were held in trusts for the benefit of each of his two daughters and 1,971 shares in a trust for the benefit of a son. On July 13, 1961, the Board of Directors of R. J. Reynolds Tobacco Company recommended that the certificate of incorporation be amended to increase the authorized number of shares of common stock from 30,000,000 shares with a par value of $5 each to 60,000,000 shares of the same par value, and that each share of common stock outstanding at the close of business on that date be split into two shares by issuing a certificate to each holder of record on the basis of one additional share for each share held.
On September 6, 1961, the stockholders approved such resolution, and on September 7, 1961, the certificate of incorporation was amended accordingly. Thereafter 20,000,000 shares of common stock were issued to the holders of the outstanding shares in addition to the 20,000,000 shares theretofore issued, and simultaneously the company transferred from its ‘ ‘ Earnings Retained ” account to its “ Capital ” account the sum of $100,-000,000 representing the par value of the additional shares issued. The trustee accordingly received one additional share of common stock of the par value of $5 per share for each share held by it prior to July 16,1961.
Petitioner contends that although the stock distribution was designated as a stock split the distribution constituted in fact a stock dividend, the company having simultaneously transferred from “ Earnings Retained ” or earned surplus the sum of $100,- *274 ■000,000, representing the par value of the additional shares issued as a stock' distribution.
The special guardian appointed for infant remaindermen contends that the distribution represented a stock split rather than a stock distribution; that the entire distribution is payable to principal, and that prior decisions by other courts to the contrary involving the same distribution are not res judicata upon the interests of his wards.
Section 17-a of the Personal Property Law providing that in the absence of a contrary indication, stock dividends shall be treated as principal rather than income, has no application whatsoever, the will having been executed prior to May 17,1926, the effective date of section 17-a. Moreover, the will contains a clear mandate that all stock dividends are to be treated as income rather than principal. In determining whether the stock distribution constitutes a stock dividend or a stock split it has been held that a stock dividend consists of a distribution of stock by a corporation to its stockholders, evidencing and accompanied by a transfer of accumulated surplus to the corporation’s capital account (see Equitable Trust Co. v. Prentice, 250 N. Y. 1, 12). A stock dividend evidences that the company’s accumulated profits have been capitalized, instead of distributed to the stockholders or retained as surplus available for distribution (Eisner v. Macomber, 252 U. S. 189, 211). A stock split consists of an increase in the number of shares without altering surplus or segregating earnings (see Matter of Horrmann, 3 A D 2d 5, 7).
A stock dividend results when the normal business earnings retained in the corporation are capitalized in connection with a stock distribution which is contemporaneous in time (Matter of Payne [Bingham], 7 N Y 2d 1). In an article, ‘ ‘ Trust Apportionment of Stock Distributions: Stock Dividend v. Stock Split ” (25 Albany L. Rev. 130,138) the author states as follows: “ As the cases stand today it is clear that the court will find a stock dividend when the corporation capitalizes earned surplus and simultaneously, or practically simultaneously, distributes stock based on such a capitalization.” Although the court may consider whether the corporation has characterized a distribution as a stock split or a stock dividend such characterization does not control the legal significance of a stock distribution (Matter of Blake, 14 Misc 2d 169, 172) and the fact that the proposed distribution may impair the intact value of the investments is not a bar to its allocation to income if such was the intention of testator (Matter of Lloyd, 292 N. Y. 280, 285) since a testamentary trust provision is not invalid merely because it directs *275 the payment of trust corpus to income beneficiaries (Matter of Osborne, 209 N. Y. 450, 474).
In Matter of Payne (Bingham) (supra), the court enumerated the rule that on a stock distribution the maximum number of shares which could be claimed by the income beneficiary was limited to those shares which represented a capitalization of earnings, and that principal was entitled to that number of shares which were not so identifiable. Since it is here apparent that the entire stock distribution of R. J. Reynolds Tobacco Company represented a capitalization of earned surplus the court determines that the entire stock dividend is payable to income.
This same stock dividend has been the subject of prior adjudications by the Supreme Court of New York County. In both decisions the court determined that the stock distribution constituted a stock dividend and not a stock split. In the earlier decision[1] under an indenture of trust executed by the testator herein as settlor the court determined that 623 shares of a stock distribution of 644 shares was payable to income. In the later decision[2] under an indenture of trust executed by the testator as settlor on December 7,1923, and which also contained a direction to the effect that all stock dividends were payable to income, it was determined that 3,700 shares received by the successor trustee as a stock distribution constituted a stock dividend payable wholly to income.
In view, however, of the conclusion reached by this court it is unnecessary to determine whether or to what extent the prior adjudications by the Supreme Court of New York County are res judicata on any or all of the issues now presented, or whether the parties to this proceeding are bound by either prior determination as a matter of collateral estoppel. (See 52 Columbia L. Rev., 647-648.)
Allowances sought will be fixed on settlement of decree.

. In the Matter of the Application of the first national city trust company, as Successor Trustee of the trust under an Indenture dated December 30, 1919 made by a. h. burroughs, for a construction of said Indenture and Instructions, Index No. 8934 — 1962.

. In the Matter of the Application of first national city trust company, as Successor Trustee of the Trust for the benefit of Ambrose H. Burroughs, Jr., under an Indenture dated December 7, 1923 made by a. h. burroughs, SR., for a Construction of said Indenture and for Instructions, Index No. 8933 — 1962.